## STATE COURT OF APPEALS—Continued

### No. 428
### KRATZ PIANO CO. v. AUGUSTINE
Ohio Appeals, 9th Dist. Summit Co.
No. 940. Decided March 16, 1925.

**191. BURDEN OF PROOF—He who asserts that circumstances go to make a writing a contract of sale, when it, standing alone, does not resemble such contract must prove it.**

PER CURIAM.

The Kratz Piano Co. sued Mary Augustine to recover the price of a piano which it claimed she had purchased. One of her defenses was that she did not buy the piano, but that it was sent to the house for trial only. The Summit Common Pleas found in favor of Augustine. Error was prosecuted and the Company produced a writing signed by Mrs. Augustine, which, on its face, constituted a contract for the the purchase of the piano.

The Company claims that if Mrs. Augustine desires to modify or avoid what was in the writing, by showing that it did not accurately set forth what was intended, it must be proven that writing is incorrect by clear and convincing evidence. Mrs. Augustine claimed that what she signed was merely a paper directing the company where to deliver the piano for trial. The Court of Appeals held:

1. Mrs. Augustine's claim is not so inconsistent with the writing on the paper, as to be such a contradiction of it as is required to be proven by clear and convincing evidence.

2. The writing, standing alone, does not constitute a contract for the purchase of a piano.

3. Burden of proving that circumstances were such as to constitute the writing a contract of sale, was upon the Piano Co., and Mrs. Augustine was not required to prove the facts as claimed by clear and convincing evidence.

Judgment affirmed.

Attorneys—Ormsby, Mills & Chorpening for Piano Co., C. G. Roetzel for Augustine, all of Akron.

### No. 429
### BELTON v| THOMAS CUSACK CO.
Ohio Appeals, 2nd Dist., Montgomery Co.
No. 639. Decided March 4th, 1925.

**855. NUISANCE—Maintenance of billboards does not constitute a private nuisance at common law.** Letts v. Kessler, 54 OS. 78.

ALLREAD, J.

Robert Belton brought an action in the Montgomery Common Pleas to enjoin the manitenance of billboards claimed to have been erected in violation of a city ordinance. The Thomas Cusack Co was the lessee of the land upon which the billboards were built and it was adjoining to that of Belton, who operated a gasoline station. Belton claimed that the billboards make it dangerous for automobiles to pass from his place of business on account of obstruction of view. The Cusack Co. claimed that permission was given it by the chief building inspector to construct the billboards. The Common Pleas held that the billboard be so changed as not to be nearer the street than the building of Belton. The case was taken up on appeal and the Court of Appeals held:

1. Belton, by the location of his driveway on the edge of his property, cannot by such act alone abridge the rights of his neighbor in the lawful use of his property.

2. Construction of billboards was not in violation of ordinance for Building Code gives chief inspector authority to exercise his own discretion in granting license.

3. Belton has therefore not made out a clear right to injunction against the maintenance of billboards, so far as the ordinance is concerned.

4. Maintenance of billboards does not constitute a private nuisance at common law. Judgment of lower court affirmed.

Attorneys—Marshall & Harlan, for Belton; Dale and Holmes for Cusack Co.; all of Dayton.